IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
2008 SEP 26 AM 10: 06
CLERK_____
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH A. MAULDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-151 |
| | ) | |
| JAMES E. DONALD, Commissioner, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at Augusta State Medical Prison ("ASMP") located in Grovetown, Georgia, filed the above captioned case pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

As Plaintiff's original complaint was filed IFP, the Court attempted to screen it in accordance with the IFP statute. However, because of pleading deficiencies, the Court

ordered the Plaintiff to file an amended complaint in accordance with the instructions contained in the Court's June 18, 2008 Order. (Doc. no. 10). Specifically, the Court explained that Plaintiff's original complaint was "unclear as to what conduct he intended to allege in support of his ADA claim, as opposed to his constitutional claims," and that Plaintiff had failed "to provide the Court with nonconclusory, specific details connecting any Defendant to the alleged events." (Doc. no. 10, p. 4). Plaintiff then filed his first amended complaint (doc. no. 11), which the Court again attempted to screen. However, Plaintiff's first amended complaint was similar to his original complaint, again failing to specify which conduct he intended to allege in support of his respective claims or provide sufficient details connecting each Defendant to the alleged conduct. (Doc. no 12, p. 2). In response, the Court issued another order directing Plaintiff to file a second amended complaint that specified in separate counts

> (1) what specific conduct he alleges violated his constitutional rights and is actionable under 42 U.S.C. § 1983; (2) to what extent the alleged conduct underlying Plaintiff's constitutional claims also violates Title II of the ADA; (3) what specific conduct if any allegedly violates Title II of the ADA, but does not violate his constitutional rights; and (4) which Defendants are sued under § 1983, Title II of the ADA, or both, and in what capacity each named Defendant is sued.

(Doc. no. 11, p. 6). Plaintiff has filed a second amended complaint. (Doc. no. 13). It is this document that the Court will now screen.

## II. DISCUSSION

*Liberally* construing Plaintiff's second amended complaint, the Court finds that Plaintiff is confined to a wheelchair and seeks to sue Defendants for violations of his constitutional rights and Title II of the ADA. However, this document again falls short of

the pleading requirements of the Federal Rules of Civil Procedure and fails to comply with the instructions provided in this Court's prior Orders. Specifically, Plaintiff complains that some of the cells at ASMP were too small for Plaintiff to turn his wheelchair around. (Doc. no. 13, p. 3). He also complains that he was "unable to get assistance into the showers" and got "written up" because he was unable to get dressed in time. (Id.). Finally, Plaintiff alleges that none of the doors in the prison could be opened by handicapped persons. (Id.).

Plaintiff has again disregarded the instructions contained in the Court's June 16, 2008 and August 21, 2008 Orders regarding the information that must be contained in his complaint. While Plaintiff alleges specific incidents of conduct, Plaintiff's second amended complaint is again unclear as to what conduct he intends to allege in support of his ADA claims and what conduct he intends to allege in support of his constitutional claims.[1] See United States v. Georgia, 546 U.S. 151, 159 (2006) (explaining that lower courts would "be best situated to determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but

---

[1] To the extent Plaintiff merely seeks injunctive relief based on alleged violations of the ADA, these claims are moot because he is no longer incarcerated. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam) (concluding that claims for injunctive and declaratory relief related to the conditions of confinement at the plaintiff's former correctional facility are moot); see also Collaterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (noting that "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present or real and immediate threat of repeated injury" (quoting Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (internal quotation marks omitted))); James v. Campbell, Civ. Action No. 2:05-CV-451-MHT, 2007 WL 2083690, at *2 (M.D. Ala. July 19, 2007) (noting that "[t]he transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief" (citations omitted)).

did not violate the Fourteenth Amendment . . . ."). Furthermore, Plaintiff has failed to name any Defendants in his second amended complaint, much less allege which Defendants are responsible for the alleged misconduct and in what capacity he desires to sue them. Specifically, no name of any Defendant that Plaintiff had named in his prior complaints appears on the cover page of Plaintiff's second amended complaint, and Plaintiff does not name a single Defendant in his "Statement of Claim."[2] In sum, Plaintiff's second amended complaint again fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure and this Court's prior Orders.

While the Court recognizes that Plaintiff is proceeding *pro se*, the Court also recognizes that it has given Plaintiff two (2) opportunities to amend his complaint to conform to the pleading requirements. (Doc. no. 10, p. 4; doc. no. 12, p. 5). Furthermore, the Court has provided Plaintiff with specific instructions on two separate occasions as to how to accomplish this. (Doc. no. 10, pp. 4-6; doc. no. 12, pp. 5-7). Because Plaintiff has failed to comply with the instructions in this Court's prior Orders, the Court finds that allowing Plaintiff to amend his complaint for a third time would be futile. See Local 472, United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Ind. v. Georgia Power

---

[2] To the extent that Plaintiff is alleging that his constitutional rights were violated, the Court notes that "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Furthermore, in the absence of an allegation of any such connection between the action of a Defendant and an alleged constitutional violation, Plaintiff fails to state a claim upon which relief may be granted against that Defendant. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific nonconclusory allegations that establish improper motive causing cognizable injury").

4

Co., 684 F.2d 721, 724 (11th Cir. 1982) (noting that in making the determination as to whether leave to amend should be granted, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, *and the futility of the amendment*" (emphasis added)).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's second amended complaint be **DISMISSED** and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 26th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5